## WILLARD CLARK *vs.* WILLIAM R. WELLS.

Under a bond conditioned to convey land, the obligee paying the obligor a certain sum in annual instalments, " the deed to be given at any time previous to the term of the last payment, provided the whole amount, together with the interest thereon, shall have been paid," the obligee is not entitled to a deed, if he omits to pay any instalment as soon as it falls due.

Payment of a debt cannot be proved by an account on the books of the debtor, of the date when the debt fell due, showing a balance of equal amount due him from the creditor, and supported by his suppletory oath; nor by an account of like date and amount, receipted by him.

ACTION OF CONTRACT on a bond, dated January 1st 1847, and conditioned to convey certain land in Middleborough to the plaintiff, he building and maintaining a good and substantial fence around the land, and paying to the defendant the sum of $963.52 " in the following payments, one hundred dollars in one year from the date of this instrument; one hundred dollars in two years from date;" (and so on, in annual payments of one hundred dollars for six years more;) " and one hundred and sixty three dollars and fifty two cents in nine years; the said deed to be given to the said Clark, or his heirs or administrators, at any time previous to the term of the last payment, provided the whole amount, together with the interest thereon, shall have been paid."

At the trial in this court, the plaintiff proved a breach of the bond by the defendant, by a conveyance of the land to another

person on the 10th of April 1849 ; the defendant admitted that
the first annual payment was duly made ; and *Dewey,* J. re
served for the consideration of the whole court the questions,
whether the plaintiff could maintain his action, without proof
of having made the second payment on the 1st of January
1849 ; and if not, whether a jury would be warranted in finding
such payment upon the following evidence :

The plaintiff offered his account book of original entry, with
his suppletory oath, to prove that on the 1st of January 1849
he held an account of $100 against the defendant. He also
offered an account rendered by him to the defendant on that
day, showing a balance then due the plaintiff of more than
$100, and which was produced on his call by the defendant;
but offered no evidence to connect the account with the bond or
with this payment.

The defendant offered in evidence eight promissory notes,
signed by the plaintiff, bearing even date with the bond, and
corresponding, in amounts and times of payment, to the instal-
ments mentioned in the bond, and payable to the defendant with
interest.

*T. D. Eliot,* for the plaintiff.

*E. Ames & E. Robinson,* for the defendant.

DEWEY, J. We have no doubt that upon a proper construc-
tion of this bond the plaintiff was bound to show the payment
of the sums payable on the 1st of January 1848, and on the
1st of January 1849, at the times they severally fell due ; and
that a failure to do so would be fatal to his case. The con-
struction contended for by the plaintiff, that he was at liberty
to omit such annual payments, and pay the whole sum due
with interest, at any period, however remote, if within nine years
of the date of the bond, and, upon such payment, be entitled
to a deed, is not sound. The provision of the bond on which
he relies is wholly different in its effect and object. It was to
secure to the plaintiff the privilege of making the entire pay-
ment at an earlier day than on which that he had bound him-
self to pay it, with a right to have his deed at an earlier day
than the expiration of the nine years, if he should elect to antici·

pate the time of payment. It contains no stipulation for postponement of the payments to be made by the plaintiff.

The evidence offered of an existing account, in favor of the plaintiff against the defendant, equal to the second instalment, was inadmissible, for it did not prove payment of that instalment. Nor would the receipted account between the same parties, to an amount larger than that instalment, furnish any presumption that such account was paid by applying the amount thereof to the payment of the second instalment; but the presumption from the account being receipted generally would seem to be quite the contrary, especially if any effect be given to the fact that the note corresponding to the time of payment of this instalment was not taken up, but is now produced by the defendant apparently unpaid. *Plaintiff nonsuit.*